BRAFF, HARRIS, SUKONECK & MALOOF
Keith Harris
Attorney I.D. No. 018121992
COUNSELLORS AT LAW
570 W. MT. PLEASANT AVENUE
P.O. BOX 657
LIVINGSTON, NEW JERSEY 07039
Telephone: (973) 994-6677
**Attorneys for Defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding**
Our File No. 348.23051

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAURICIO D. GONZALEZ-LOPEZ,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PERFECT TRADING, INC., YI DING, JOHN AND JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable),**<br><br>**Defendants.** | CIVIL ACTION<br><br>CASE NO. 2:21-cv-12906<br><br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, CROSSCLAIMS, DEMAND FOR STATEMENT OF DAMAGES AND JURY DEMAND** |

The defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding, by way of Answer to the plaintiff's Complaint, herein say:

### FIRST COUNT

1. These defendants neither admit nor deny the allegations contained in paragraph One but to the extent that the allegations suggest or imply wrongdoing by the answering defendants, they are denied.

2. These defendants deny the allegations contained in paragraph Two.

3. These defendants deny the allegations contained in paragraph Three.

4. These defendants deny the allegations contained in paragraph Four.

5. These defendants deny the allegations contained in paragraph Five.

6. These defendants deny the allegations contained in paragraph Six.

7. These defendants provide no answers to the allegations contained in paragraph Seven as the allegations contained therein call for legal conclusions and as such no response is provided.

## SECOND COUNT

1. These defendants repeat and reiterate their answers to the allegations contained in the First Count of the Complaint as though fully set forth at length herein.

2. These defendants makes no response to the allegations contained in paragraph Two as these allegations are not directed to it, but insofar as said allegations may be deemed to apply, they are denied.

3. These defendants deny the allegations contained in paragraph Three as to these defendants only.

4. These defendants deny the allegations contained in paragraph Four as to these defendants only.

5. These defendants provide no answers to the allegations contained in paragraph Five as the allegations contained therein call for legal conclusions and as such no response is provided.

**FIRST SEPARATE DEFENSE**

Any loss, injury or damage sustained by the plaintiff is governed by the Rules of Comparative Negligence and any judgment entered should be reduced pro rata accordingly or defeated in its entirety.

**SECOND SEPARATE DEFENSE**

The Complaint is barred by reason of the Statute of Limitations or other applicable rules, statutes or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

**THIRD SEPARATE DEFENSE**

The Complaint of the plaintiff fails to state a claim upon which relief can be granted.

**FOURTH SEPARATE DEFENSE**

Any loss, injury or damage sustained by plaintiff was due to his own contributory negligence.

**FIFTH SEPARATE DEFENSE**

The Complaint filed herein fails to state a cause of action upon which relief can be granted.

**SIXTH SEPARATE DEFENSE**

The accident, injuries and damages which are the subject of plaintiff's Complaint resulted from the acts and conduct of a third person or persons over whom these Defendants exercised no control and for whose conduct these Defendants were not responsible.

**SEVENTH SEPARATE DEFENSE**

These Defendants violated no duty owing to the plaintiff at the time and place alleged in the Complaint.

### EIGHTH SEPARATE DEFENSE

These Defendants were guilty of no act of negligence nor breach of obligation which was the proximate cause of the happening of the accident, and therefore, the Complaint fails to set forth a cause of action and Defendants reserve the right to dismiss the Complaint at or before the time of trial.

### NINTH SEPARATE DEFENSE

Any loss, injury or damage sustained by plaintiff was due to his own negligence.

### TENTH SEPARATE DEFENSE

The plaintiff's wrongful conduct bars his claim for relief.

### ELEVENTH SEPARATE DEFENSE

The incident which forms the basis for this litigation which allegedly caused injuries and damage to the plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the defendants filing this answer and the right of the plaintiff to recover in this litigation can only be determined after the percentage of responsibility of all parties to the incident are determined, whether or not parties to this litigation. Accordingly, these defendants seek an adjudication of the percentage of fault of the plaintiff and each and every other person whose fault contributed to the incident.

### TWELFTH SEPARATE DEFENSE

The plaintiff voluntarily assumed a known risk and the conduct in the assumption of this risk was the proximate cause of the happening of the accident, and plaintiff is, therefore, barred from recovery.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff is guilty of negligence which proximately contributed to the occurrence of the accident and damages alleged in the Complaint.

### CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding, by way of cross-claim against the co-defendants say:

1. At the time and place referred to in plaintiff's Complaint, the co-defendants aforesaid acted in a careless and negligent manner, as a result of which plaintiff sustained the injuries and damages as set forth in the Complaint.

2. While denying any liability to the plaintiff for the incident, injuries and/or damages claimed, should defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding be adjudged liable, it is then asserted that their liability is secondary, vicarious and imputed and that the negligence of the co-defendants aforesaid is primary and active.

3. These defendants demand contribution from all co-defendants named in the Complaint.

WHEREFORE, defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding, hereby demand judgment for full indemnification and contribution against the co-defendants aforesaid for any sums adjudicated against them together with costs of defense, attorneys' fees, costs of suit, for damages and interest.

### ANSWER TO CROSSCLAIMS

These defendants deny the allegations of any and all cross-claims filed or which may be filed against these defendants in this matter.

## JURY DEMAND

The defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding, demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Keith Harris, Esquire is hereby designated as trial counsel on behalf of defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding, pursuant to the Rules made and provided.

                          BRAFF, HARRIS, SUKONECK & MALOOF
                          Attorneys for Defendants, Perfect Trading, Inc. and Ding Yi i/p/a Yi Ding

By: _____
       KEITH HARRIS

Dated: July 1, 2021